IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| DIANA JO MEYERHOFF,<br><br>　　　　　Plaintiff,<br>vs.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>　　　　　Defendant. | No. C 12-3046-MWB<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION** |

　　　　This case is before me on a Report And Recommendation from United States Magistrate Judge Leonard Strand, entered on May 2, 2013 (docket no. 15). In this case, the plaintiff, Diana Meyerhoff (Meyerhoff), appeals an administrative law judge's (ALJ's) decision denying Meyerhoff Title XVI disability benefits. This case has already been remanded once, in 2011. *See Meyerhoff v. Astrue*, No. C 09-3067-MWB, 2011 WL 1233185, at *24 (N.D. Iowa Mar. 31, 2011). Originally, the ALJ denied Meyerhoff benefits, in part, because the ALJ concluded that Meyerhoff could "stand and walk a total of six hours out of an eight hour workday [,] . . . [could] sit six hours out of an eight hour workday," and could therefore perform "light work." *Id.* at *17. On the 2011 remand, I held that the ALJ's decision was burdened with "inconsistencies" regarding whether Meyerhoff's alleged disabilities prevented her from sitting or standing long enough to be considered employable. *Id.* at *23. Namely, a number of medical professionals testified to inconsistent and "varying frequencies with which Meyerhoff would" need to take breaks or shift positions while working. *Id.* at *23. "These inconsistencies ma[de] the record inadequate to support any conclusion that Meyerhoff can stand or sit for six hours out of an eight-hour day or

any other period of time that would make her employable and beg[ged] for further clarification." *Id.* Thus, in remanding the case, I "required further inquiry by the ALJ into Meyerhoff's need for periodic breaks or the opportunity to shift or change positions." *Id.*

After reviewing the ALJ's ruling on the 2011 remand, Judge Strand noted in his Report And Recommendation that "the ALJ did not obtain additional evidence on [the] issue" of how frequently Meyerhoff needed to "alter positions"—*i.e.*, switch between standing and sitting. Report And Recommendation at 24 (docket no. 15). Judge Strand also found that the ALJ revised her previous finding that Meyerhoff had a handling limitation, and held on remand that Meyerhoff had no such limitation without explaining why the ALJ flip-flopped. Report And Recommendation at 26 (docket no. 15). Based on these observations, Judge Strand recommended reversing and remanding the Commissioner's decision. Specifically, Judge Strand recommended that, on remand, the ALJ should:

> 1) obtain additional medical evidence either from a treating source or a consultative examiner on the frequency with which Meyerhoff needed to alternate between sitting and standing from August 17, 2006, to July 24, 2009, and the total number of hours she could be expected to do each in an eight-hour workday for the same time period. The treating physician or consultative examiner should be asked to review the medical evidence from the relevant time period and complete a physical evaluation if necessary to determine Meyerhoff's sitting and standing limitations during the relevant time period[;]
>
> 2) include the previously identified handling limitation in the new [residual functional capacity], or provide a thorough explanation as to why the handling limitation as previously described is no longer supported by substantial evidence in the record[; and]

2

> 3) obtain additional vocational expert testimony as necessary depending on the additional medical evidence regarding Meyerhoff's need to alternate between sitting and standing and how long she could be expected to do each of these in an eight-hour workday.

Report And Recommendation at 30-31 (docket no. 15). No party has filed objections to the Report And Recommendation, and the 14-day window in which parties may file objections is now closed. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2).

I review Judge Strand's Report And Recommendation pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1):

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28. U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b) (stating identical requirements); N.D. Ia. L.R. 72, 72.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's Report And Recommendation). While examining these statutory standards, the United States Supreme Court explained:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, a district court may review *de novo* any issue in a magistrate judge's Report And Recommendation at any time. *Id.* If a

3

party files an objection to the magistrate judge's Report And Recommendation, however, the district court *must* "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150.

In this case, the parties filed no objections to the Report And Recommendation. As a result, the parties waive both their right for me to review the Report And Recommendation *de novo* and their right to appeal from Judge Strand's findings of fact. *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009). Thus, I will review Judge Strand's Report And Recommendation under a clearly erroneous standard of review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting when no objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the magistrate judge for clear error"); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (noting the advisory committee's note to Fed. R. Civ. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record"). The United States Supreme Court has explained that "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

While I examine Judge Strand's Report And Recommendation for clear error, I also review the Commissioner's decision to determine whether the correct legal standards were applied and "whether the Commissioner's findings are supported by substantial evidence in the record as a whole." *Page v. Astrue*, 484 F.3d 1040, 1042

4

(8th Cir. 2007) (quoting *Haggard v. Apfel*, 175 F.3d 591, 594 (8th Cir. 1999)). Under this deferential standard, "[s]ubstantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002); *see also Page*, 484 F.3d at 1042. In reviewing the Commissioner's denial of benefits to determine if it is supported by substantial evidence, the court must "not only . . . consider evidence in the record that supports the Commissioner's determination, but also any evidence that detracts from that conclusion." *Draper v. Barnhart*, 425 F.3d 1127, 1130 (8th Cir. 2005) (citing *Hutsell v. Massanari*, 259 F.3d 707, 711 (8th Cir. 2001)). Nonetheless, even if a court "might have reached a different conclusion had [it] been the initial finder of fact," the Commissioner's decision will not be disturbed "unless the record contains insufficient evidence to support the outcome." *See Nicola v. Astrue*, 480 F.3d 885, 886 (8th Cir. 2007) (citations omitted).

Having reviewed the record, and Judge Strand's very thorough and well-written findings of fact and conclusions of law in the May 2, 2013, Report And Recommendation, I find no error, let alone clear error, and **accept** the Report And Recommendation (docket no. 15). The Commissioner's decision is **reversed** and this case is **remanded** for further proceedings consistent with Judge Strand's Report And Recommendation. The Clerk is directed to enter judgment against the Commissioner and in favor of Meyerhoff.

    **IT IS SO ORDERED**.

    **DATED** this 28th day of June, 2013.

                                                                        _____
                                                                       MARK W. BENNETT
                                                                       U.S. DISTRICT COURT JUDGE
                                                                       NORTHERN DISTRICT OF IOWA