# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| DIANA JO MEYERHOFF,<br><br>            Plaintiff,<br>vs.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>            Defendant. | No. C 12-3046-MWB<br><br>**ORDER REGARDING PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES** |

_____

## I. INTRODUCTION

This case is before me on plaintiff Diana Meyerhoff's (Meyerhoff's) application for attorney's fees, which she filed on June 30, 2013 (docket no. 18). Meyerhoff's application follows my June 28, 2013, order in which I reversed the Commissioner of Social Security's (the Commissioner's) decision denying Meyerhoff disability benefits and remanded Meyerhoff's claim to the Commissioner for further consideration (docket no. 16). The Clerk entered judgment in favor of Meyerhoff on June 28, 2013 (docket no. 17).

In her application, Meyerhoff requests $9,251.24 in attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). In support of her application, Meyerhoff submits (1) consumer price index (CPI) tables used in calculating cost-of-living adjustments to Meyerhoff's attorney's fees, and (2) an itemized billing record documenting the hours that Meyerhoff's attorney, Ruth Carter (Carter), spent working on the case (docket no. 18).

The Commissioner filed a resistance to Meyerhoff's application on July 11, 2013 (docket no. 19). In her resistance, the Commissioner does not contest the substance of Meyerhoff's application. Rather, the Commissioner simply argues that Meyerhoff's request is premature because the June 28, 2013, judgment in favor of Meyerhoff is not yet "final." The Commissioner notes that the judgment will be considered final as of August 27, 2013, when the 60-day appeal period is over. Thus, the Commissioner requests that I either (1) deny Meyerhoff's application and grant Meyerhoff leave to re-file after August 27, 2013, or (2) wait to rule on Meyerhoff's application until after August 27, 2013.

## II. ANALYSIS

"[F]ees and other expenses" may be awarded to a "prevailing party" in a Social Security appeal under the EAJA, "unless the court finds that the position of the United States was *substantially justified* or that *special circumstances* make an award unjust." 28 U.S.C. § 2412(d)(1)(A) (emphasis added). For purposes of this subsection, "fees and other expenses" include "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A) (emphasis added). In order to obtain an award, the party must apply for the award "within thirty days of final judgment in the action" and "allege that the position of the United States was not substantially justified." 28 U.S.C. § 2412(d)(1)(B). A "final judgment" is "a judgment that is final and not appealable . . . ." 28 U.S.C. § 2412(d)(2)(G). A judgment against the Commissioner is no longer appealable after 60 days. Fed. R. App. P. 4(a)(1)(B)(iii) ("The notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from if one of the parties is . . . a United States officer or employee sued in an official capacity[.]"). Thus, a judgment against the Commissioner becomes final 60 days after the Clerk enters that judgment.

If attorney's fees are appropriate, the reasonable hourly rate for such fees is set by statute at $125, "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii); *see Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990) (holding that "where . . . an EAJA petitioner presents uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75 per hour [(the applicable statutory amount in the case)], enhanced fees should be awarded.").

Here, the parties do not dispute, and I find, that Meyerhoff is a prevailing party. I also find that the position of the United States was not substantially justified for the reasons set forth in Meyerhoff's brief supporting her application (docket no. 18-1). Again, the Commissioner does not contest the substance of Meyerhoff's brief. I find that Meyerhoff's request under the EAJA is just and appropriate; $9,251.24 is reasonable for 50.12 hours of work by Carter. Based on the CPI tables that Meyerhoff submits, I surmise that Meyerhoff applied a cost-of-living adjustment to the statutory rate of $125 per hour. Meyerhoff calculates her fee award using a rate of $184.32 per hour in 2012, and $186.37 per hour in 2013. But, Meyerhoff does not describe how she arrived at those numbers. In *Knudsen v. Barnhart*, 360 F. Supp. 2d 963, 974 (N.D. Iowa 2004), I described how to calculate a cost-of-living adjustment:

> [T]o calculate the EAJA fee adjustment, plaintiff's attorneys should begin with the statutory EAJA fee amount set in March 1996. The $125 statutory amount is then adjusted according to the following formula: $125 per hour (where $125 reflects the current statutory amount for fees) x (service year Midwest Urban CPI)/151.7 (where 151.7 equals the Midwest Urban CPI of March 1996).

3

(Footnotes omitted). In this case, it appears that Meyerhoff used an average CPI of "All Urban Consumers" in the United States,[1] rather than a Midwest Urban CPI, which I have noted is the more appropriate CPI for Midwest lawyers' fees. *Id.* at 974 n.6. But, the Commissioner does not contest Meyerhoff's CPI figures, and I have approved the use "All Urban Consumers" CPI figures in other uncontested fee applications. *See, e.g., Foster v. Astrue*, No. C 11-3063-MWB, 2013 WL 452834, at *2 & n.3 (N.D. Iowa Feb. 6, 2013). Thus, I will apply the nationwide CPI figures to this case. Applying the formula outlined in *Knudsen*, but substituting Meyerhoff's national CPI data for *Knudsen*'s Midwest CPI data, I find that Meyerhoff correctly calculated the cost-of-living adjustments to her attorney's fees. Meyerhoff's fee request is therefore reasonable and appropriate.

While the Commissioner does not contest Meyerhoff's request for fees, the Commissioner argues that I should not award those fees *yet*. In support of her argument, the Commissioner cites *Harmon v. U.S. Through Farmers Home Administration*, 101 F.3d 574, 587 (8th Cir. 1996), in which the Eighth Circuit Court of Appeals suggested that "the better course is for the district court to refrain from passing on the question of attorney fees until the litigation is final for purposes of the EAJA." The court in *Harmon* noted that this was the "better course" because "the district court will be able to evaluate the government's position throughout the dispute and avoid deciding an issue that may become moot if the government prevails on appeal." *Id.* But the court in *Harmon* also suggested that it would not disturb a district court's early fee award where neither party provides more than a "time-based reason" for vacating that award. *Id.* While I am perfectly willing to follow *Harmon*'s "better course," it must serve some purpose. Here, the Commissioner does not claim that she

---

[1] BUREAU OF LABOR STATISTICS, CONSUMER PRICE INDEX—ALL URBAN CONSUMERS, *available at* http://www.bls.gov/data/.

4

plans to appeal my June 28, 2013, order, nor does the Commissioner offer any substantive reason why I should wait to award attorney's fees. The Commissioner simply asks that I wait until August 27, 2013. I will not wait for waiting's sake. I therefore grant Meyerhoff's application for attorney's fees.

As to who shall receive the attorney's fees, Meyerhoff or her attorney, the United States Supreme Court has held that attorney's fees under 28 U.S.C. § 2412(d) are payable to the litigant, not directly to the litigant's attorney, and are thus subject to an offset if the litigant has outstanding debts to the United States. *See Astrue v. Ratliff*, 130 S. Ct. 2521, 2524-26 (2010).

### III. CONCLUSION

**THEREFORE,** Meyerhoff's application for attorney's fees under the EAJA (docket no. 18) is **granted**. I award Meyerhoff $9,251.24 in attorney's fees under the EAJA, which is subject to offset for any debts Meyerhoff may owe to the United States. The fee award shall be paid by the Social Security Administration. *See* 28 U.S.C. § 2412(d)(4) ("Fees and other expenses awarded under this subsection to a party shall be paid by any agency over which the party prevails from any funds made available to the agency by appropriation or otherwise."). If consistent with the Commissioner's and the Department of Treasury's practice, the EAJA payment may be mailed to Meyerhoff's attorney, Carter, but the award must be payable to Meyerhoff.

**IT IS SO ORDERED**.

**DATED** this 22nd day of August, 2013.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA